**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**CARL T. STEWART, JR.,**                      :
**a/k/a CARL BURTON,**

                                               :
        **Plaintiff**              **CIVIL ACTION NO. 1:10-1701**
                                               :
    **v.**                              **(RAMBO, D.J.)**
                                   :    **(MANNION, M.J.)**
**DAVID A. VARANO, et al.,**

                                               :
        **Defendants**

                                               :

## REPORT AND RECOMMENDATION[1]

Pending before the court is the defendants' motion to dismiss the plaintiff's complaint. (Doc. No. 24). Based upon the court's review of the motion and related materials, it is recommended that the motion be granted.

By way of relevant procedural background, on August 5, 2010, the plaintiff, an inmate at the State Correctional Institution, Coal Township, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. §1983 in the United States District Court for the Eastern District of Pennsylvania. (Doc. No. 1). By memorandum and order dated that same day, it was directed that the action be transferred to the Middle District of Pennsylvania. (Doc. No. 2). On August 12, 2010, the case was electronically transferred to the Middle District. (Doc. No. 4).

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks

After the action was transferred, on September 7, 2010, the plaintiff sought permission to amend his complaint, (Doc. No. 11), and by order dated October 1, 2010, was directed to do so on or before October 22, 2010, (Doc. No. 12).

In the meantime, by order dated October 5, 2010, it was directed that process issue. (Doc. No. 13).

On October 19, 2010, the plaintiff again requested to file an amended complaint. (Doc. No. 19).

On December 13, 2010, the currently pending motion to dismiss the plaintiff's original complaint was filed on behalf of defendants Beard, Chismar, Corbacio, Custer, Ellett, Eyster, Kerns-Barr, MacIntyre, Madden, McMillan, McGinley[2], G. Miller, W.P. Miller, Varano, and Varner, (Doc. No. 24), along with a supporting brief, (Doc. No. 25).

By order dated December 21, 2010, the plaintiff was given until January 17, 2011, to file his amended complaint. (Doc. No. 27). To the extent necessary, the defendants were informed that they would be given leave to supplement their motion to dismiss.

By correspondence filed on December 28, 2010, the plaintiff indicated that he would proceed with his original complaint and would not be filing an

---

[2]Defendant McGinley is improperly identified on the docket as "Mcqinley."

2

amended complaint unless the court deemed it necessary and directed him to do so. (Doc. No. 29).

By order dated January 3, 2011, the court allowed the defendants to join defendant McCarty[3] in the motion to dismiss. (Doc. No. 32).

After having been granted an extension of time to do so, (Doc. No. 42), on March 31, 2011, the plaintiff filed a brief in opposition to the defendants' motion to dismiss his complaint, (Doc. No. 44). On June 21, 2011, the plaintiff filed a document which is considered in conjunction with his brief in opposition to the defendants' motion to dismiss. (Doc. No. 48).

The defendants' motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must

---

[3]Defendant McCarty is improperly identified on the docket as "McCartney."

be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to

dismiss. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

The following allegations are taken from the plaintiff's complaint and are accepted as true for purposes of the instant motion to dismiss. The plaintiff has a medical condition for which he takes a water pill, Hydrodiuril. On January 1, 2010, the plaintiff awoke at 1:55 a.m. having to use the restroom. As he was arriving at the restroom, defendant Eyster asked him where he was going. The plaintiff informed him that he needed to use the restroom "really bad" because he was taking a water pill and needed to urinate. Defendant Eyster told the plaintiff that he would have to wait until after the inmate count to proceed. As this was being said, five or six other inmates came out of the restroom with Correctional Officer Crispell[4]. The plaintiff confirmed defendant Eyster's name with him and informed him that he was going to file a grievance

---

[4]C.O. Crispell is not a named defendant in this action.

with respect to the matter and then left.

According to the complaint, the inmate count took fifteen to twenty minutes. During that time, the plaintiff alleges that he suffered pain and discomfort as a result of having to hold his urine. As a result, he claims that he began to urinate on himself and was then forced to finish urinating into "squeeze cheese bottle." As this was happening, the plaintiff was made fun of by others watching the situation, including defendants Crispell and Eyster.

The plaintiff alleges that his Eighth Amendment rights were violated when he was not allowed to go to the restroom and was forced to urinate on himself and into a squeeze cheese bottle.

After the above incident, the plaintiff alleges that he was issued a fabricated misconduct report by defendant Eyster. The plaintiff alleges that defendant Eyster's actions in issuing the misconduct were in retaliation for his exercising his First Amendment rights. Specifically, he claims that it was for threatening to file a grievance against defendant Eyster for not letting him use the restroom. The misconduct charged the plaintiff with refusing to obey an order, failure to stand or interference with count, and presence in an unauthorized area[5].

On January 5, 2010, the plaintiff had a hearing before defendant Kerns-

---

[5]The plaintiff alleges that there also was listed a charge for threatening another person which was later crossed out on his misconduct.

Barr, who found him guilty of refusing to obey an order and presence in an unauthorized area "without any fact finding evidence." The plaintiff was given fifteen days cell restriction for each count. The plaintiff was found not guilty of failure to stand or interference with count.

The plaintiff alleges that he was not given a statement of the evidence relied upon or the reasons for the disciplinary action taken by defendant Kerns-Barr. As a result, he submitted a request slip on January 7, 2010, requesting that information, and actually received the information some time after January 19, 2010[6]. In the meantime, on January 6, 2010, the plaintiff appealed the finding of guilt by defendant Kerns-Barr to the Program Review Committee, ("PRC"), which consisted of defendants Chismar, Corbacio and Custer. The PRC upheld defendant Kerns-Barr's findings by decision dated January 13, 2010. Although the PRC decision indicates otherwise, the plaintiff alleges that he did not receive a copy of the decision until February 3, 2010, after he submitted a request slip requesting the information on January 27, 2010.

The plaintiff filed an appeal to the facility manager, defendant Varano, who upheld the previous findings.

Finally, the plaintiff appealed to defendant MacIntyre, the Chief Hearing

---

[6]The court notes that throughout his complaint the plaintiff references various exhibits; however, the referenced exhibits have not been received from either the Eastern District or the plaintiff.

Examiner, who accepted the version of the incident reported by defendant
Eyster and upheld the misconduct.

As a result of the misconduct, the plaintiff was denied participation in a
pre-release program. The plaintiff alleges his due process and equal
protection rights were violated in relation to his misconduct proceedings.

On a separate matter, the plaintiff alleges that, upon being transferred
from SCI-Greensburg to SCI-Coal Township, he was denied participation in
an outside work program on the premise that he had been charged with an
escape. The plaintiff denies ever being charged with escape and states that
he filed a grievance with respect to the matter. The plaintiff alleges that the
denial of participation in the outside work program is part of a conspiracy to
keep him "isolated in prison and to deny [him] any suitable chance to be
released . . . to punish [him] for exercising [his] rights . . ."

The plaintiff is suing the defendants in their official and individual
capacities and is seeking compensatory and punitive damages.

In their motion to dismiss the plaintiff's complaint, the defendants argue
that the plaintiff's claims of retaliation and violations of his constitutional rights
should be dismissed for failure to state a claim upon which relief can be
granted. (Doc. No. 25, pp. 7-14)[7].

---

[7]The defendants also argue that the plaintiff has failed to allege
personal involvement on behalf of many of the defendants and that the
(continued...)

Initially, the defendants argue that the plaintiff has failed to properly plead a claim of retaliation. (Doc. No. 25, pp. 7-10). In order to state a claim for retaliation, the plaintiff must show that: (1) he engaged in constitutionally protected conduct; (2) he suffered some "adverse action" by prison officials; and (3) there is a causal link between the exercise of the right and the adverse action. Hunter v. Bledsoe, 2010 WL 3154963 (M.D.Pa.) (Caldwell, J.)[8] (citing Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)). Here, the plaintiff alleges that defendant Eyster issued a misconduct against him in retaliation for his exercising his First Amendment rights. Specifically, he alleges that he requested defendant Eyster's name and informed him that he was going to file a grievance with respect to him not letting the plaintiff use the restroom. The problem for the plaintiff is that, although he indicated he was going to file a grievance, at the time the misconduct was issued, there is no indication that a grievance was actually filed. Since the plaintiff's conduct did not actually involve the exercise of the a constitutional right, he cannot satisfy the first element of a retaliation claim. See Hunter v. Bledsoe, 2010 WL

---

[7](...continued)

plaintiff's claims for monetary damages against them are barred in their official capacity. Because the court agrees that the substance of the plaintiff's complaint fails to state a claim, the defendants' other arguments will not be addressed herein.

[8]For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.

9

3154963, at *4. See also Wicker v. Shannon, 2010 WL 3812351 (M.D.Pa.) (Caputo, J.). As such, the defendants' motion to dismiss should be granted with respect to the plaintiff's retaliation claim.

In addition, the defendants argue that the plaintiff has failed to properly plead a claim for a violation of his due process rights. (Doc. No. 25, pp. 10-12). With respect to this argument, the plaintiff challenges his misconduct proceedings both procedurally and on the evidence. In either event, to the extent that plaintiff takes issue with his disciplinary proceedings, his claims are barred by the Heck doctrine as there is no indication that the findings or discipline imposed were ever overturned. See Hernandez v. Unknown Officer 2011 WL 1891896, *3 (3d Cir. 2011). See also Johnson v. DeRose, 2007 WL 1074507 (M.D.Pa.) (Conaboy, J.). Therefore, the defendants' motion to dismiss the plaintiff's due process claims relating to his disciplinary proceedings should be granted.

Concerning the plaintiff's claim of an equal protection violation, the Equal Protection Clause of the Fourteenth Amendment requires that all persons "similarly situated" to be treated alike by state actors. See City of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432, 439 (1985). As such, in order for the plaintiff to state an equal protection violation, he must show that he was similarly situated to, and treated differently from, other inmates, and that this discrimination was purposeful or intentional rather than

10

incidental. Washington v. Davis, 426 U.S. 229, 239 (1976); Tillman v. Lebanon County Corr. Facility, 221 F.3d 410, 424 (3d Cir. 2000). The plaintiff's complaint fails to allege in any fashion that he was treated differently from other similarly situated inmates or that any such discrimination was purposeful or intentional. As such, the plaintiff's complaint should be dismissed with respect to his equal protection claim.

Finally, the defendants argue that the plaintiff has failed to properly plead a claim for a violation of his Eighth Amendment rights. (Doc. No. 25, pp. 12-14). Eighth Amendment claims must satisfy both an objective component (the deprivation must be sufficiently serious) and a subjective component (the defendant must have been deliberately indifferent). Young v. Quinlan, 960 F.2d 351, 359-60 (3d Cir. 1992). As to the objective component, the Eighth Amendment is violated only when an inmate is deprived of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). As to the subjective component, the question is whether the prison official acted with deliberate indifference to the inmate's health or safety. Hudson v. McMillian, 503 U.S. 1, 8 (1992). "A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

In the instant action, the plaintiff alleges that he was denied the use of the restroom for fifteen to twenty minutes during an inmate count despite having informed defendant Eyster that he was taking a water pill and needed to urinate. While under certain circumstances the denial of access to toilet facilities may give rise to an Eighth Amendment claim, See e.g. Young v. Quinlan, 960 F.2d 351 (3d Cir. 1992); Howard v. Wheaton, 668 F.Supp. 1140, 1141-43 (N.D.Ill. 1987), the duration of the lack of access and the health threats that are imposed are critical factors in an analysis of an Eighth Amendment claim. See Biggins v. Snyder, 2000 WL 1239992 (D.Del.) (citing Smith v. Copeland, 87 F.3d 265, 269 (8th Cir. 1996); Young v. Quinlan, supra). Even considering the plaintiff's claim that he informed defendant Eyster that he was taking a water pill and needed to urinate, there is no indication that defendant Eyster was aware of any serious health threat to the plaintiff as a result of not allowing him to use the restroom during the inmate count. Moreover, the fact that the plaintiff was deprived of access to a urinal for such a brief period of time on one occasion does not rise to the level of an Eighth Amendment claim. See Biggins v. Snyder, supra. Therefore, the defendants' motion to dismiss should be granted on this basis as well.

As a final matter, to the extent that the plaintiff raises a challenge relating to his job assignment upon being transferred to SCI-Coal Township, the plaintiff has no constitutional right to any particular job in the prison. See

Douglas v. U.S. Bureau of Prisons, 2009 WL 1458177 (M.D.Pa.) (Rambo, J.) (citing Wright v. O'Hara, 2002 WL 1870479, *5 (E.D.Pa.); Wilkins v. Bittenbender, 2006 WL 860140, *9 (M.D.Pa.)). As such, the plaintiff's complaint should be dismissed with respect to any claim related to his job assignment.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the defendants' motion to dismiss the plaintiff's complaint, **(Doc. No. 24)**, be **GRANTED** and the plaintiff's complaint be dismissed[9].

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** July 13, 2011

O:\shared\REPORTS\2010 Reports\10-1701-01.wpd

---

[9]To the extent that the defendants' motion to dismiss is granted, this would leave only the Jane and John Doe defendants. Pursuant to Fed.R.Civ.P. 4(m), the plaintiff has failed to identify and have these defendants served in a timely manner. Therefore, his complaint should also be dismissed with respect to these defendants.