IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARL STEWART,** : | **CIVIL NO. 1:10-CV-1701** |
| **Plaintiff** : | |
| : | **(Judge Rambo)** |
| v. : | **(Magistrate Judge Mannion)** |
| : | |
| **DAVID VARANO,** *et al.*, : | |
| : | |
| **Defendants** : | |

## **M E M O R A N D U M**

Before the court is a July 13, 2011, report of the magistrate judge to whom this matter was referred in which he recommends that the named defendants' motion to dismiss be granted and that the Jane and John Doe defendants be dismissed pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff has filed objections to the report and recommendation to which the named defendants have responded. Plaintiff filed a reply to the defendants' response and the matter is ripe for disposition.

Plaintiff's complaint stems from an incident that occurred on January 1, 2010 at about 1:55 a.m. Plaintiff needed to go to the bathroom. On the way, he was stopped by Defendant Eyster and was told he had to wait until the inmate count was completed. As a result of the wait, he had to urinate in a bottle and urinated on himself. In the process of the wait, Plaintiff threatened Eyster that he was going to file a grievance against Eyster.

Plaintiff alleges his Eighth Amendment rights were violated when he was not allowed to go to the bathroom; that the misconduct that was filed against him arising out of the bathroom situation was in retaliation for Plaintiff threatening to file

a grievance; that the misconduct hearing violated his due process and equal protection rights.

The magistrate judge found that Plaintiff failed to state a claim for retaliation. The first element of a retaliation claim requires that a plaintiff be engaged in constitutionally protected conduct. Since Plaintiff never filed a grievance, he was not involved in protected conduct.

The magistrate judge further found that Plaintiff's claim for violation of his due process rights also failed as he exercised his rights to procedurally and substantially challenge his misconduct charges. In Plaintiff's claim for violation of equal protection, he failed to allege that he was intentionally treated differently than other similarly situated inmates.

On the Eighth Amendment claim, the magistrate judge found that there was no claim that Defendant Eyster was aware of any serious medical health threat to Plaintiff as a result of not allowing him access to the bathroom and, furthermore, that deprivation of the same for a brief period of time was *de minimis* in nature and did not amount to an Eighth Amendment violation.

The gist of Plaintiff's objections to the report and recommendation is that the magistrate judge was lacking in having access to exhibits which, he claims, were filed with the complaint and alleges that unknown Defendants removed these exhibits before mailing his complaint. Plaintiff does not, however, indicate what these exhibits were; what information they contained; and how such exhibits would have cured the deficiencies in his pleadings. Plaintiff does not otherwise substantially raise objections to the report and recommendation.

In light of the discussion above, this court will adopt in part and reject in part the report and recommendation of the magistrate judge.  An appropriate order will be issued.

                                                      s/Sylvia H. Rambo
                                                      SYLVIA H. RAMBO
                                             United States District Judge

Dated:  August 15, 2011.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARL STEWART,** : | **CIVIL NO. 1:10-CV-1701** |
| **Plaintiff** : | |
| : | **(Judge Rambo)** |
| v. : | **(Magistrate Judge Mannion)** |
| **DAVID VARANO,** *et al.*, : | |
| **Defendants** : | |

## **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The court adopts in part and deferred in part the report and recommendation of the magistrate judge (doc. 51).

2) The motion to dismiss (doc. 24) filed on behalf of Defendants Beard, Chismar, Corbacio, Custer, Ellet, Eyster, Kerns-Barr, MacIntyre, Madden, McMillan, McGinley, G. Miller, W.P. Miller, Varano, Varner, and McCarty is **GRANTED**.

3) Ruling on the recommendation that the Jane and John Doe defendants be dismissed pursuant to Federal Rule of Civil Procedure 4(m) is deferred. The rule requires notice to Plaintiff of the court's intent to dismiss for failure of Plaintiff to effect service.

4) Plaintiff is hereby advised that if service is not made on the Jane and John Doe defendants by September 2, 2011, these parties will be dismissed and the case will be closed.

s/Sylvia H. Rambo<br>
United States District Judge

Dated: August 15, 2011.